UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEWAYNE PARKER,

          Plaintiff,

    v.

NAPA SUPERIOR COURT, et al.,

          Defendants.

Case No.  25-cv-03041-TLT

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND; DENYING EX PARTE APPLICATION; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***

Re: Dkt. Nos. 7, 8

Dewayne Parker brings this petition for a writ of habeas corpus under 28 U.S.C. Section 2254. He also moves for leave to proceed *in forma pauperis*, Dkt. No. 8, which is granted. Petitioner's motion for ex parte habeas relief, Dkt. No. 7, is denied.

### LEGAL STANDARD

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### DISCUSSION

Petitioner filed a 28 U.S.C. section 2254 habeas petition in the Eastern District of California from the Kern County Admission, Evaluation and Stabilization (AES) Center apparently challenging his Napa County Superior Court conviction. Dkt No. 1. He listed a judgment of conviction date of January 31, 2025, and a length of sentence of "January 25 2023 - 2 years." He noted "incompetence of defendant" and a ruling under Penal Code section 1369 from a January 31, 2025 trial. He indicated that he raised the issues of "incompetence procedure and no bail bench warrant" to the First District Court of Appeal and received a result of overruled on February 17, 2023. He also indicated that the First District Court of Appeal returned a result of "overrule" in March 2023 because of lack of jurisdiction. The petition raised the first ground of counsel Aric Bright providing deficient representation in failing to properly prepare and present a defense, failing to request or negotiate a plea bargain, and failing to exclude prejudicial evidence regarding time credits. The petition also raised a second ground of conditions of being locked up.

The petition was transferred to the Northern District of California. Dkt. No. 3. Petitioner then filed another petition, Dkt. No. 5, also from the AES Center, referencing California Penal Code section 1487 and 28 U.S.C. section 2254 and claiming that petitioner is entitled to discharge because he has been incarcerated for two years. Petitioner also filed an "ex parte federal habeas corpus" stating that he is not a danger to self or others, and he did two years of time under section 1370, which is the maximum, and asking for release.

The First District Court of Appeal docket search shows that in case number A167324, the state appellate court dismissed petitioner's appeal on September 1, 2023 for lack of jurisdiction. The court stated:

> Defendant Dewayne Keith Parker had criminal cases - involving charges for murder, burglary, and other crimes - pending in Fresno County Superior Court. The court committed him to the State Department of State Hospitals in Napa County after finding him incompetent to stand trial. (Pen. Code, § 1368; undesignated statutory references are to this code.) While there, Parker allegedly assaulted a peer and he was charged with assault by means likely to cause great bodily injury (§ 245, subd. (a)(4)). During his appearance on the assault case, Parker's counsel questioned Parker's competency. On January 17, 2023, the Napa County Superior Court found Parker not competent to stand trial and committed him to Napa State Hospital. (§ 1370.) Parker filed an appeal on February 17.

United States District Court
Northern District of California

2

On March 2, 2023, the medical director of Napa State Hospital filed a certification Parker was mentally competent. The director requested a hearing on his competency as well as an advisement that the sheriff return Parker to the trial court within 10 days. (§ 1372, subds. (a)(2), (c)(1).) The court issued a March 6 order scheduling Parker's hearing for March 13. He did not file a notice of appeal of this order.

Parker's appeal solely addresses the trial court's alleged failure to adhere to procedures for assessing his competency after the March 6, 2023 order. Specifically, he challenges the court's issuance of a no-bail bench warrant after the state hospital allegedly failed to deliver him to Napa County for further competency proceedings. But that order appears nowhere in the record. And there is no notice of appeal of that alleged order. Indeed, there is no information in the record beyond March 6. The People moved to dismiss Parker's appeal for lack of jurisdiction, and we agree. (*People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1061.)

We do not liberally construe Parker's February 17, 2023 notice of appeal of the order finding him incompetent to stand trial to reach the alleged no-bail bench warrant. (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) "'Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed.'" (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225-226.) The February 2023 notice of appeal does not refer to any events in March 2023, the matters addressed in Parker's opening brief. Nor can it - Parker challenges the trial court's actions allegedly occurring after he filed the February 2023 notice of appeal. (*Ibid.* [construing a notice of appeal as a premature appeal from an entirely different order entered months later was well "'beyond liberal construction'"].)

To the extent Parker requests we treat his appeal as a writ application, he has not presented us with any unusual circumstances to do so. (*Olson v. Cory* (1983) 35 Cal.3d 390, 395-396.) Moreover, the briefs and record do not include, "in substance, the necessary elements for a proceeding for a writ of mandate." (*Hall v. Superior Court* (2016) 3 Cal.App.5th 792, 807.) For instance, it does not include an adequate record, such as the ruling from which the petition seeks relief. (Cal. Rules of Court, rules 8.485(a), 8.486(a)(4), (b)(1)(A).) Accordingly, we decline to treat the appeal as a writ petition. The appeal is dismissed.

Petitioner has another case in the Court of Appeal connected to the same trial court matter under No. A172850 which was filed on March 11, 2025, and for which counsel was appointed on April 8, 2025.

The online docket for petitioner's criminal case No. 22CR001834 in Napa County Superior Court shows that the case status is active and that a no bail warrant was issued on March 16, 2023. The warrant was executed on November 26, 2024. The docket lists "Probation Officer

United States District Court
Northern District of California

1  Arraignment" on November 27, 2024, and a motion that was scheduled for March 21, 2025

2  vacated with the explanation "Re Rescind Ext of Commitment." The Kern County Superior Court

3  online docket locator shows no pending proceedings against petitioner in Kern County.

4      The Kern County Sheriff's Office online prisoner lookup shows Dwayne Parker with an

5  arrest date of February 27, 2025 and an arrest location of "Pre-trial/AES" to the Lerdo Pre-Trial

6  Facility with no bail, and a release date of March 4, 2025.

7      Because the Court does not know petitioner's custody status, it cannot ascertain at this time

8  whether it has jurisdiction over this petition. A petition under 28 U.S.C. section 2254 is only

9  appropriate if petitioner is incarcerated due to a state court judgment of conviction. If petitioner is

10  in pretrial custody, including for the restoration of competency, a habeas petition is properly

11  brought under 28 U.S.C. section 2241. If petitioner challenges a conviction from Napa County, his

12  petition is properly in the Northern District of California pursuant to section 2241(d) as "the

13  district court for the district within which the State court was held which convicted and sentenced

14  him." If petitioner is in pretrial custody in Kern County, he should file a petition under section

15  2241 and the only proper venue is the district in which petitioner is confined, the Eastern District

16  of California. *See, e.g., Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2241 petitions

17  must be filed in the district where the petitioner is confined"). Petitioner may file an amended

18  petition under section 2254 or section 2241 explaining his custody status and claims in more

19  detail, which the Court will review and order transferred back to the Eastern District if necessary.

20                          **CONCLUSION**

21      Based on the foregoing, the court orders as follows:

22      1.    The motion for leave to proceed *in forma pauperis* (Dkt. No. 8) is granted.

23      2.    Petitioner's motion for ex parte habeas relief (Dkt. No. 7) is denied. If petitioner

24  chooses to file an amended petition, the appropriate court will determine whether he states a

25  cognizable federal claim for habeas relief, and, if so, will require the respondent to appear and

26  respond to the claims.

27      2.    The petition is dismissed with leave to amend within twenty-eight days of the date

28  of this order. If an amended petition is filed, it must bear the case number assigned to this action,

                                    4

(25-cv-03041-TLT), and the title "Amended Petition."  Petitioner shall explain his custody status and whether he challenges a judgment of conviction or something else.

3.      Petitioner's failure to file an amended petition will result in this action being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.      Attached to this Order are (1) a copy of the United States District Court for the Northern District of California's instructions for filing a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 and (2) a copy of United States Courts petition for a writ of habeas corpus under  28 U.S.C. § 2241 form.

4.      This Order terminates Dkt. Nos. 7 and 8.

**IT IS SO ORDERED.**

Dated: May 5, 2025

TRINA L. THOMPSON
United States District Judge

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1.  **Who Should Use This Form**.  You should use this form if
    - you are a federal prisoner and you wish to challenge the way your sentence is being carried out (*for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits*);
    - you are in federal or state custody because of something other than a judgment of conviction (*for example, you are pretrial detention or are awaiting extradition*); or
    - you are alleging that you are illegally detained in immigration custody.

2.  **Who Should Not Use This Form**.  You should not use this form if
    - you are challenging the validity of a federal judgment of conviction and sentence (*these challenges are generally raised in a motion under 28 U.S.C. § 2255*);
    - you are challenging the validity of a state judgment of conviction and sentence (*these challenges are generally raised in a petition under 28 U.S.C. § 2254*); or
    - you are challenging a final order of removal in an immigration case (*these challenges are generally raised in a petition for review directly with a United States Court of Appeals*).

3.  **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

4.  **Answer all the questions.**  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

5.  **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6.  **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7.  **Submitting Documents to the Court**.  Mail your petition and _____ copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8.  **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| _Petitioner_ | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | _(Supplied by Clerk of Court)_ |
| _____ | ) | |
| _Respondent_ | ) | |
| _(name of warden or authorized person having custody of petitioner)_ | ) | |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.    (a)  Your full name: _____

      (b)  Other names you have used: _____

2.    Place of confinement:

      (a)  Name of institution: _____

      (b)  Address: _____

      (c)  Your identification number: _____

3.    Are you currently being held on orders by:

      ❑ Federal authorities        ❑ State authorities        ❑ Other - explain: _____

4.    Are you currently:

      ❑ A pretrial detainee (waiting for trial on criminal charges)

      ❑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

         If you are currently serving a sentence, provide:

         (a)  Name and location of court that sentenced you: _____

         (b)  Docket number of criminal case: _____

         (c)  Date of sentencing: _____

      ❑ Being held on an immigration charge

      ❑ Other _(explain)_: _____

### Decision or Action You Are Challenging

5.    What are you challenging in this petition:

      ❑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*: _____

_____

_____

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: _____

_____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

(d)  Date of the decision or action: _____

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes          ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes          ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ❏ Yes        ❏ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court: _____

        _____

        (2) Date of filing: _____

        (3) Docket number, case number, or opinion number: _____

        (4) Result: _____

        (5) Date of result: _____

        (6) Issues raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

    (b) If you answered "No," explain why you did not file a third appeal: _____

    _____

10.    **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❏ Yes        ❏ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ❏ Yes        ❏ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❏ Yes                    ❏ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes                    ❏ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

❏ Yes                    ❏ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

❑ Yes                    ❑ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❑ Yes                    ❑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE**: _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground One in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND TWO**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground Two in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND THREE**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground Three in all appeals that were available to you?

❏ Yes                    ❏ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**: _____

_____

_____

_____

(a)  Supporting facts _(Be brief.  Do not cite cases or law.)_:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes                 ❏ No

14.     If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

_____

_____

_____

**Request for Relief**

15.  State exactly what you want the court to do: _____

_____

_____

_____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR FILING A PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY UNDER 28 U.S.C. § 2254**

---

I.      SCOPE OF 28 U.S.C. § 2254

You may file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 if you are in custody pursuant to the judgment of a state court in violation of the federal constitution or federal statutes. You may challenge either the fact or duration of your state sentence.

Any challenge to violations of federal law that affect the *conditions*—as opposed to the fact or duration— of your confinement should be brought in a civil rights complaint under 42 U.S.C. § 1983. If you wish to file a civil rights complaint under § 1983, you may do so on the forms provided by the clerk. Ask for the packet titled *Instructions for Filing a Civil Rights Complaint by a Prisoner under 42 U.S.C. § 1983*.

IMPORTANT NOTES

- If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction or sentence you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the U.S. Court of Appeals for the Ninth Circuit for an order authorizing this court to consider this petition. You may not file a second or successive federal habeas petition without first obtaining such an order. 28 U.S.C. § 2244(b).

- A petition for a writ of habeas corpus under 28 U.S.C. § 2254 will not be granted unless you have exhausted the remedies available in state court.

- Only one sentence or conviction may be challenged in a single petition. If you challenge more than one sentence or conviction, you must do so by separate petitions.

II.     FILING A PETITION

      A.   Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: **Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz or Sonoma.** You also should file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good-time credits, and you are confined in one of these counties. *Habeas Corpus Local Rule 2254-3(a)*.

If you are challenging your conviction or sentence and you were *not* convicted and sentenced in one of the above-named counties, your petition will likely be transferred to the federal district court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not incarcerated in one of the counties listed above, your petition will likely be transferred to the federal district court for the district that includes the institution where you are confined. *Habeas Corpus Local Rule 2254-3(b)*.

      B.   Whom to Name as Respondent

Name the person who has actual custody of you, which usually means the warden or jailor. Do not name the state, a city, a county or a court. These are not proper respondents. If you are not presently in custody pursuant to the judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), name the person in whose custody you are now and the Attorney General of the state in which the

judgment you seek to challenge was entered.

### C. How to File

To file a habeas action, send the court the following items:

- ▪ Your original, completed petition form
  Your petition must be legibly handwritten or typewritten, and you must sign it and declare under penalty of perjury that the facts stated in it are correct.  Read the entire form and explanatory comments that appear throughout it before you answer the questions.  Complete all applicable questions in the blanks provided; attach additional pages if you need more space for any of your answers, clearly noting the question number to which any such continued answer refers.

- ▪ A check or money order for $5 or a completed application to proceed in forma pauperis (IFP)
  The fee for filing a petition for a writ of habeas corpus is $5.  If you cannot afford to pay the fee at the time you file your petition, you may apply to proceed IFP using the forms provided by the clerk.  Ask for the packet titled *Instructions for Filing an Application to Proceed In Forma Pauperis by a Prisoner under 28 U.S.C. § 1915*.

Make copies for your records and mail the original copies of your completed forms to:  Clerk, U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

## III.     MAGISTRATE JUDGE JURISDICTION

Magistrate judges are selected through a statutorily prescribed merit selection process and are appointed by the judges of this court.  The court encourages parties to consent to magistrate judge jurisdiction as it may result in an earlier resolution of the matter; the rules and procedures used to decide your case will be the same regardless of whether a district judge or a magistrate judge decides your case.  But you are free to decline magistrate judge jurisdiction and request that your case be decided by a district judge.  Please indicate on the *Consent or Declination to Magistrate Judge Jurisdiction* form provided by the clerk whether you consent or decline to consent to magistrate judge jurisdiction.

## IV.     AFTER YOUR PETITION IS FILED

The clerk will assign a case number and judge to your petition and mail you a copy of the first page, which will have the case number and judge's initials stamped on it.  Please retain this copy for your records and put the case number on any case-related document you send to the court.  If your petition is deficient in any way, the clerk may send you a notice that will require your response.  If your case is assigned to a magistrate judge before you consented or declined to consent to magistrate judge jurisdiction, the clerk may send you a *Consent or Declination to Magistrate Judge Jurisdiction* form that will require your response.  Please note that it is your responsibility to inform the court in writing without delay if your address changes. You will be notified at the address the court has on record whenever the court issues an order.  A failure to respond to notices or orders or a failure to update your address may result in the dismissal of your case.

## V.     INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed in this court and limited court resources, the court will not answer inquiries concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page. It is therefore recommended that you make and keep a copy of every document you submit to the court for your records.

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name: _____
        LAST                    FIRST                    MIDDLE INITIAL

Prisoner Number: _____

Institutional Address: _____

_____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____ )
                              )
                              )
                              )    Case Number: _____
_____ )    (Provided by the clerk upon filing)
                              )
            Petitioner,       )
                              )
      vs.                     )    PETITION FOR A WRIT
                              )    OF HABEAS CORPUS
                              )
_____ )
                              )
         Respondent(s).       )
                              )
_____ )

I.   INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

     A.  What sentence are you challenging in this petition?

         1.  Name and location of court that imposed sentence (for example: Alameda County
             Superior Court, Oakland):

         2.  Court _____

         3.  Location _____

         4.  Case number, if known _____

         5.  Date and terms of sentence _____

         6.  Are you now in custody serving this term? ("In custody" means in jail, on parole or
             probation, etc.) ..................................................................YES      NO

PETITION FOR A WRIT OF HABEAS CORPUS (rev. 8/2015)
*page 1 of 6*

If yes, provide name and address of institution:

_____

_____

B. <u>For what crime were you given this sentence?</u>

***Note:*** If your petition challenges a sentence for more than one crime, list each crime separately using California Penal Code numbers, if known. If you are challenging more than one sentence, you should file a different petition for each sentence.

_____

_____

_____

C. <u>Did you have any of the following proceedings?</u>

Arraignment: ...................................................................... YES     NO

Preliminary Hearing:........................................................... YES     NO

Motion to Suppress: ............................................................ YES     NO

D. <u>How did you plead?</u> .................................Guilty     Not Guilty     Nolo Contendere

Any other plea (specify) _____

E. If you went to trial, what kind of trial did you have?

Jury     Judge alone     Judge alone on a transcript

F. <u>Did you testify at your trial?</u> ......................................................... YES     NO

G. <u>Did you have an attorney at the following proceedings:</u>

1. Arraignment ................................................................. YES     NO

2. Preliminary hearing....................................................... YES     NO

3. Time of plea ................................................................. YES     NO

4. Trial.............................................................................. YES     NO

5. Sentencing .................................................................... YES     NO

6. Appeal .......................................................................... YES     NO

7. Other post-conviction proceeding................................. YES     NO

H. <u>Did you appeal your conviction?</u> ............................................... YES     NO

1. If you appealed, to what court(s) did you appeal?

PETITION FOR A WRIT OF HABEAS CORPUS (rev. 8/2015)
*page 2 of 6*

Court of Appeal...........................................YES    Year:_____    NO

Result: _____

Supreme Court of California........................YES    Year:_____    NO

Result: _____

Any other court ...........................................YES    Year:_____    NO

Result: _____

2.  If you appealed, were the grounds the same as those that you are raising in this

petition?........................................................................YES    NO

3.  Did the court issue an opinion?.........................................YES    NO

4.  Did you seek permission to file a late appeal under Rule 31(a)?........ YES    NO

If you did, give the name of the court and the result: _____

_____

I.  <u>Other than appeals, have you previously filed any petitions, applications or motions with</u>

<u>respect to this conviction in any court, state or federal?...........................YES    NO</u>

***Note:*** If you previously filed a petition for a writ of habeas corpus in federal court challenging the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the U. S. Court of Appeals for the Ninth Circuit for an order authorizing this court to consider this petition. You may not file a second or successive federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

If you sought relief in any proceeding other than an appeal, answer the following

questions for each proceeding.  Attach extra paper if you need more space.

1.  Name of court: _____

Type of proceeding: _____

Grounds raised (be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____Date of result:_____

PETITION FOR A WRIT OF HABEAS CORPUS (rev. 8/2015)
*page 3 of 6*

2. Name of court: _____

    Type of proceeding: _____

    Grounds raised (be brief but specific):

        a. _____

        b. _____

        c. _____

        d. _____

    Result: _____ Date of result:_____

3. Name of court: _____

    Type of proceeding: _____

    Grounds raised (be brief but specific):

        a. _____

        b. _____

        c. _____

        d. _____

    Result: _____ Date of result:_____

4. Name of court: _____

    Type of proceeding: _____

    Grounds raised (be brief but specific):

        a. _____

        b. _____

        c. _____

        d. _____

    Result: _____ Date of result:_____

J.  Is any petition, appeal or other post-conviction proceeding now pending in any court?

    ................................................................................. YES     NO

    Name and location of court: _____

    _____

PETITION FOR A WRIT OF HABEAS CORPUS (rev. 8/2015)
*page 4 of 6*

II.    <u>GROUNDS FOR RELIEF</u>

State briefly every reason why you believe you are being confined unlawfully.  Give facts to support each claim.  For example, what right or privilege were you denied?  What happened?  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you need more space.  Answer the same questions for each claim.

*Note:* You must present ALL your claims in your first federal habeas petition.  Subsequent petitions may be dismissed without review on the merits.  28 USC § 2244(b); *McCleskey v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: _____

_____

Supporting facts: _____

_____

_____

_____

Claim Two: _____

_____

Supporting facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:_____

_____

_____

_____

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning of these cases:_____

_____

_____

_____

Do you have an attorney for this petition?.............................................................YES    NO

If you do, give the name and address of your attorney: _____

_____

WHEREFORE, petitioner prays that the court grant him/her the relief to which he/she may be entitled in this action.  I verify under penalty of perjury that the foregoing is true and correct. Executed on:

_____    _____

              *Date*                      *Signature of Petitioner*