1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEWAYNE PARKER,                          No.  1:25-cv-00367-SKO (HC)

12                    Petitioner,              **ORDER DIRECTING CLERK OF COURT
                                               TO ASSIGN DISTRICT JUDGE**
13         v.
                                               **FINDINGS AND RECOMMENDATION
14                                             TO DISMISS PREMATURE PETITION**

15    NAPA SUPERIOR COURT, et al.,             **[TWENTY-ONE DAY OBJECTION
                                               DEADLINE]**
16                    Respondents.

17

18         On March 28, 2025, Petitioner filed a petition in this Court that purported to challenge a

19    Napa County conviction pursuant to 28 U.S.C. § 2254. The case was transferred to the Northern

20    District of California. On May 6, 2025, the Northern District Court dismissed the petition with

21    leave to amend, directing Petitioner to explain whether he is a pretrial detainee or is incarcerated

22    pursuant to a state court conviction. (Doc. 9.) On May 19, 2025, Petitioner filed an amended

23    petition pursuant to 28 U.S.C. § 2241 stating he is a pretrial detainee.  (Doc. 10.) Since Petitioner

24    is incarcerated in Kern County, the appropriate venue is the Eastern District. Accordingly, on

25    May 22, 2025, the Northern District Court transferred the petition back to this Court. (Doc. 11.)

26         After conducting a preliminary review of the amended petition, the Court finds that it

27    should abstain from interfering in ongoing state court proceedings, and the petition should be

28    dismissed.

1

**DISCUSSION**

A.      Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.      Background

Petitioner is currently incarcerated at the Kern County Admission, Evaluation and Stabilization (AES) Center.  He claims he should be discharged because he has been incarcerated for two years and has served his sentence.  According to the online docket for Kern County Superior Court, Petitioner is currently being held on a felony charge of petty theft with two prior convictions in Case No. BF205011A.  The arraignment is currently scheduled for June 5, 2025.

C.      Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

1    The law of habeas corpus also provides guidance on when a district court should abstain

2    from review of a claim.  In order to be granted federal habeas corpus relief, the petition must have

3    exhausted his available state remedies.  28 U.S.C. § 2254(b).  The rule of exhaustion is based on

4    comity to the state court and gives the state court the initial opportunity to correct the state's

5    alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  The

6    exhaustion requirement can be satisfied by providing the highest state court with a full and fair

7    opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404

8    U.S. 270, 276 (1971)

9    In this case, state criminal proceedings are ongoing.  California has an important interest

10   in passing upon and correcting violations of a defendant's rights.  Roberts v. Dicarlo, 296

11   F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir.

12   2003).  The trial court remains available as an adequate forum for Petitioner to seek relief.  In

13   addition, the California Court of Appeal and the California Supreme Court are adequate forums

14   for Petitioner to seek further relief for his claims.  Roberts, 296 F.Supp.2d at 1185.  Therefore, the

15   Court recommends abstaining from interfering in state proceedings pursuant to Younger.

**ORDER**

17   IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district

18   judge to this case.

**RECOMMENDATION**

20   For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED.

21   This Findings and Recommendation is submitted to the United States District Court Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

23   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

24   twenty-one (21) days after being served with a copy of this Findings and Recommendation, a

25   party may file written objections with the Court and serve a copy on all parties.  Id. The document

26   should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

27   not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not

28   consider exhibits attached to the Objections. To the extent a party wishes to refer to any

exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 27, 2025**                              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE